### No. 9373.

MRS. LIZZIE COLEMAN VS. FRANK H. COLEMAN.—GEO. W. SENTELL, THIRD OPPONENT.

A third opponent claiming property seized under execution, cannot attack the judgment of the seizing creditor or the proceedings under it, unless he first establish his right or title to the property.

If he is the owner of it, his right thereto must prevail, however valid the judgment of the creditor and the proceedings under it.  If he is not the owner, he is without interest to attack the right of the creditor making the seizure.

A conveyance of real estate, to have effect against third persons, must be properly recorded in the parish where the property is situated.

A wife separated in property from her husband is a third person with respect to all sales and contracts made by the husband in which she does not join.

Coleman vs. Coleman.

A PPEAL from the Eighth District Court, Parish of East Carroll. Delaney, J.

*W. Montgomery* for Third Opponent and Appellant:

1. The right to secure a debt by a sale with right of redemption, is well established. 32 Ann. 94; Ib. 784; 31 Ann. 384.
2. The right to redeem falls *ipso facto* upon failure to pay the sum borrowed. 35 Ann. 855, Jackson vs. Lemle.
3. Where the wife sets up her judgment of separation defensively, and it is alleged to be fraudulent and collusive, she must sustain its validity by proof. See Powles vs. Cook, 28 Ann. 546; 19 Ann. 96; 4 L. 422; 12 L. 304; 11 L. 536; 4 Ann. 135; 10 Ann. 87.

*B. J. Sage,* on same side, on application for rehearing.

*F. F. Montgomery* for Defendants and Appellees:

Sales of property by instruments under private signature are valid against *bona fide* creditors or purchasers only from the date of registration or from the actual delivery of the thing sold. C. C. 2242 and 2243.

An act under private signature, to have any effect as to third persons or *bona fide* creditors, must be acknowledged or proved up by the subscribing witnesses, and the certificate of such acknowledgment *recorded* with the instrument. [C. C. 2250.

If A borrows money from B, and makes title to real estate to secure the payment and reserves the right to redeem, but all the time remains in the quiet, undisturbed and undisputed possession, leasing the property and collecting the rents and paying the taxes as owner, such a transaction will be considered a form of security and not an absolute sale.

The debtor has the right to impute the payment, or it can be done by agreement between the parties. C. C. 2159; 15 Ann. 526, Slaughter vs. Milling.

If left to the law, payments will be imputed to the debt the debtor has most interest in paying. Where a mortgage or pledge exists on property, the payment will be imputed to such rather than an ordinary debt. C. C. 2161; Speller & Allen vs. Their Creditors, 16 Ann. 294.

The proof shows that Coleman's entire interest in the property seized was about 75 acres, and 175 as claimed by counsel. The revenues amounted to about $200 per annum.

Coleman was allowed to testify in his own behalf and not for his wife. (See Bill of Exceptions.)

The opinion of the Court was delivered by

TODD, J. The plaintiff, under a judgment against the defendant, her husband, seized a plantation described in the pleadings as his property, to satisfy her debt.

G. W. Sentell interposed as third opponent and claimed title to the plantation, and from an adverse judgment appeals.

There are a number of issues raised by the pleadings and discussed at length by the counsel, to only one of which we need refer, as it is decisive of the case.

It is urged by the plaintiff that the deed or alleged act of sale, under private signature, on which the title claimed by the third opponent is based, was never recorded in the parish where the property was situ-

ated, or elsewhere; and was therefore without effect as to the plaintiff, a seizing creditor.

As a legal proposition, this cannot be controverted. Article 2266, C. C., declares that "all sales, contracts and judgments affecting immovable property, which shall not be so recorded, shall be utterly null and void, except between the parties thereto." See also C. C. 2242, 2246, 2253; 25 Ann. 290; 21 Ann. 591; 28 Ann. 807.

In this case the plaintiff was separated in property from her husband, the defendant, and had seized the plantation then in his possession, and she was no party to the act under which the third opponent claimed title, and was and is, in legal contemplation, a third person even with respect to acts executed by her husband in which she did not join. Bank vs. Ferry, 32 Ann. 315; Insurance Company vs. Warren, recently decided and not yet reported.

Under this view of the case, it is unnecessary to consider other issues raised by the third opponent touching the rights and proceedings of Mrs. Coleman against her husband. If Sentell were the true owner of the property, with deed of record binding third persons, then his title must prevail against her, though her judgment and proceedings thereunder were unassailable. If he is not the owner, or has not a title that is operative against her, then he is without interest to attack the validity of her said judgment and rights under it. He must stand on his own title and not the weakness of hers; and cannot be heard even to assert a want of title in the husband to the property seized under her execution.

The conclusion reached respecting the rights of Mrs. Coleman, maintaining her seizure against Sentell, virtually determines the whole case as to all parties to this controversy.

It is true that Sentell makes both Mrs. Coleman and her husband, Frank Coleman, parties defendant to his action for the land, but if he has no title to the property which can affect Mrs. Coleman, he would be without interest to press the suit against Coleman, unless the land was of sufficient value to leave a surplus when sold to meet the judgment that Sentell might recover against Coleman; but we find from the sheriff's return on the *fi. fa.* that the land has already been sold and the entire proceeds of the sale amounted only to $500—much less than Mrs. Coleman's judgment against her husband. So that it becomes unnecessary to determine the controversy between Sentell and Coleman, as presented by the pleadings.

The third opponent in his petition prayed that, in the event the court should determine that the act under which he asserts title to the

land should be held not to be a sale with the equity of redemption, it might be held to be a mortgage, and asked for the amount claimed as owing by Coleman with the recognition of the mortgage. He complains of the ruling of the judge in ruling that the demands were inconsistent, requiring him to elect, and asks that the ruling be corrected.

The record shows that he did elect to stand on his title to the land, without reservation or protest, or excepting to the ruling, and he cannot now be heard in his complaint against the action of the judgment in this respect.

We are asked to amend the judgment appealed from by allowing damages upon the dissolution of the injunction. From the peculiar circumstances of the case, and particularly from the fact that the property was sold pending the injunction, as we construe the return on the writ, the claim for damages was properly disallowed.

It is therefore ordered, adjudged and decreed that the judgment of the lower court be affirmed, with costs.

Rehearing refused.